911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul W. SHACKLEFORD, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3843.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioner, proceeding pro se, seeks review of a Benefits Review Board decision denying him black lung benefits. The petitioner argues (1) that the Board erred in failing to credit him with the ten years of coal mine employment necessary to raise a presumption that coal mine employment caused his pneumoconiosis, and (2) that the Board erred in finding that coal mine employment did not cause his pneumoconiosis. The Director denies any error insofar as the finding on length of coal mine employment is concerned, but concedes that the case should be remanded so that the petitioner can receive a complete pulmonary evaluation. We agree with the Board's conclusion that the petitioner did not prove ten years of coal mine employment, and we shall remand the case for a pulmonary evaluation.
 
 
 2
 * The petitioner, Paul Shackleford, was 62 years old at the time of the hearing. He claims to have worked in coal mines for approximately 12 years between 1937 and 1960. Mr. Shackleford's social security itemized statement of earnings (SSI) lists only 16 quarters of coal mine employment between 1947 and 1960 and two quarters between 1937 and 1945. Also in the record are affidavits of some of Mr. Shackleford's co-workers. Two workers stated he worked at Cook-Sharp Coal Company from 1937 to 1938 (not confirmed by SSI), two stated he worked at Berger Coal Company from 1939 to 1940 (the SSI shows one quarter with that employer in 1939), and one stated he worked for P.V. & K. Coal Company in "1942 or 1943" (the SSI shows one quarter with that employer in 1943). Mr. Shackleford also worked as a truck driver hauling coal for various coal companies between 1958 and 1961, and he documented several years of hauling coal to individual homes during the 1970's.
 
 
 3
 The medical record consists of a chest x-ray read by two radiologists, a pulmonary function study, an arterial blood gas study, and a medical report issued by a Dr. Dahhan. The x-ray was taken on February 28, 1979. On that date, a board-certified radiologist concluded that it did not show evidence of pneumoconiosis. Dr. Dahhan concluded, based on the x-ray and that report, as well as on a physical examination, Mr. Shackleford's history, and the pulmonary function study, that Mr. Shackleford "has history compatible with chronic bronchitis with no other pulmonary impairment." Dr. Dahhan made no reference to pneumoconiosis. Three weeks after Dr. Dahhan prepared his report, another board-certified radiologist, this time a B-reader, see 20 C.F.R. Sec. 718.202(a)(1)(ii)(E), reread the earlier x-ray and concluded that it did show the existence of pneumoconiosis. The Department of Labor's claims examiner gave more weight to the B-reader's interpretation and found that the existence of simple pneumoconiosis had been established. The Director did not challenge this conclusion. Because the x-ray was reread after Dr. Dahhan's report, there is no medical opinion as to the cause of the pneumoconiosis.
 
 
 4
 In his initial decision in 1985, the ALJ credited Mr. Shackleford with three and one-quarter years of coal mine employment. On review the Board found that the ALJ erred in failing to credit some coal mine employment reflected in the social security records and by failing to explain why he discredited the affidavits of Mr. Shackleford's co-workers. On remand the ALJ accepted the social security records as determinative because the statements of Mr. Shackleford's co-workers referred only to the years of employment and did not give approximate dates, and because Mr. Shackleford's testimony was "vague in the extreme." Crediting Mr. Shackleford with every quarter in which social security records showed he earned more than $32, the ALJ determined that Mr. Shackleford had established at least four years of coal mine employment but had not established ten. Because the results of the blood gas and pulmonary function tests did not qualify under the regulations, and because Dr. Dahhan found chronic bronchitis with no other pulmonary impairment, the ALJ denied Mr. Shackleford benefits. The Benefits Review Board affirmed. It rejected application of the presumption under 20 C.F.R. Sec. 410.490 because of Mr. Shackleford's smoking history and Dr. Dahhan's failure to attribute his condition to coal mine employment. Mr. Shackleford has petitioned for review.
 
 II
 
 5
 The claimant bears the burden of proving the number of years he engaged in coal mine employment. The length of coal mine employment is a question of fact, and a finding on that question will be upheld if it is based on a reasonable method of calculation and is supported by substantial evidence.
 
 
 6
 Mr. Shackleford first argues that the ALJ erred in failing to credit the periods described in affidavits of his co-workers. We conclude that the ALJ presented sufficient reasons for relying on the social security records rather than on those affidavits and Mr. Shackleford's testimony. The affidavits often recounted only the year when Mr. Shackleford worked. To the extent social security records corroborated the affidavits, the records showed that Mr. Shackleford worked less than the full years stated. The ALJ could reasonably conclude that the affidavits did not reliably show how many quarters Mr. Shackleford had spent in coal mine employment. As for the testimony given by Mr. Shackleford himself, Mr. Shackleford had trouble remembering the date or duration of employment with certain employers. It was within the province of the ALJ to assess the credibility of lay witnesses. Gober v. Matthews, 574 F.2d 772, 777 (3d Cir.1978). In situations such as this, the ALJ is permitted to rely on social security records over the claimant's testimony where the claimant's memory is unreliable. The ALJ credited Mr. Shackleford with every quarter in which social security records showed he earned more than $32 in coal mine employment. This is a reasonable method of computation.
 
 
 7
 Mr. Shackleford also argues that he should be credited with the time he spent delivering coal to private customers. This retail distribution of coal does not qualify under 30 U.S.C. Sec. 902(d) because it was not "transportation in or around a coal mine." See Southard v. Director, OWCP, 732 F.2d 66, 69 (6th Cir.1984).
 
 III
 
 8
 Because he failed to establish ten years of coal mine employment, Mr. Shackleford does not qualify for the presumption of total disability under 20 C.F.R. Sec. 727.203(a). Because the criteria under Part 727 may not be more restrictive than the criteria in 20 C.F.R. Sec. 410.490, however, see 30 U.S.C. Sec. 902(f)(2), and because the ten-year requirement in Sec. 727.203(a) is more restrictive, we must evaluate Mr. Shackleford's claim under 20 C.F.R. Sec. 410.490. Pittston Coal Group v. Sebben, 488 U.S. 105, 102 L.Ed.2d 408, 419-20 (1988). See also Kyle v. Director, OWCP, 819 F.2d 139, 142-43 (6th Cir.1987), cert. denied, 102 L.Ed.2d 591 (1988).
 
 
 9
 Under Sec. 410.490, if a miner establishes the existence of pneumoconiosis by x-ray evidence, and if the pneumoconiosis arose out of coal mine employment, there is a rebuttable presumption that the miner is totally disabled due to pneumoconiosis. 20 C.F.R. Sec. 410.490(b)(1)(i) and (2). Mr. Shackleford appears to have established pneumoconiosis by x-ray,* and he need only demonstrate that the disease arose out of coal mine employment. The Board rejected application of Sec. 410.490 because Dr. Dahhan did not attribute Mr. Shackleford's bronchitis to his coal mine employment and because of Mr. Shackleford's extensive smoking history. Dr. Dahhan prepared his report before the B-reader found evidence of pneumoconiosis, however, and no inference as to the cause of the pneumoconiosis can be drawn from the report. Nor is Mr. Shackleford's smoking history dispositive. The Director asserts in his brief that opacities sufficient to constitute clinical pneumoconiosis, (see 20 C.F.R. Sec. 718.102(b)) are produced only by exposure to dust, not by smoking. We have no reason to doubt this proposition, but the confusion illustrates the importance of getting a medical opinion on causation.
 
 
 10
 Where a miner has not established ten years of coal mine employment, it is incumbent upon him to submit the evidence necessary to establish causation. Sec. 410.416(b). The Office of Workers Compensation Programs must develop the medical evidence necessary to determine the claimant's entitlement to benefits, however, and must provide the miner "an opportunity to substantiate his or her claim by means of a complete pulmonary evaluation...." Sec. 718.101. See also Sec. 725.405(b). Without a medical opinion as to the cause of Mr. Shackleford's pneumoconiosis, OWCP has failed to perform this duty. See Newman v. Director, OWCP, 745 F.2d 1162, 1166 (8th Cir.1984) (Department of Labor fails to fulfill its duty to provide a complete pulmonary evaluation by rejecting as not credible the medical opinion for which it arranged, without seeking a more reliable opinion). On remand Mr. Shackleford should receive a complete pulmonary examination, including an assessment of the cause of the pneumoconiosis shown by x-ray.
 
 
 11
 The Board's decision is VACATED insofar as it concludes that Mr. Shackleford has failed to meet the criteria of 20 C.F.R. Sec. 410.490, and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The ALJ did not make a specific finding to this effect because, we assume, the Director did not contest the existence of pneumoconiosis at the hearing. Generally, a reading by a B-reader would be more persuasive than that of a radiologist not classified by the Public Health Service. See Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986). However, the ALJ is not bound by a B-reader's opinion, but instead must rely on the evidence he judges most probative. If on remand the ALJ determines that the B-reader's interpretation is not more persuasive in this case, he should explain why