97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul W. SHACKLEFORD, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 95-3780.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1996.
 
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Paul Shackleford appeals from the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 ("Act"). Respondent is the Director of the Office of Workers' Compensation Programs. Claimant first applied for benefits in 1978, and his claim was previously addressed by this court in 1990. Shackleford v. Director, OWCP, No. 89-3843, 1990 WL 120746 (6th Cir. Aug. 20, 1990) (unpublished). On remand from this court, the Administrative Law Judge examined new medical evidence and found that claimant had not established entitlement to benefits. The Benefits Review Board affirmed the denial. Claimant appeals several issues to this court, including whether the ALJ's decisions denying benefits pursuant to 20 C.F.R. §§ 410.490 and 718 were supported by substantial evidence and in accordance with the law. We AFFIRM the Board's decision.
 
 I.
 
 2
 Claimant was fifty-five years old in 1978 when he filed his claim for benefits under the Act. The factual background and lengthy procedural history of this case is adequately set forth in our previous decision remanding for a more complete medical opinion on claimant's alleged impairment. Shackleford, 1990 WL 120746 at * 1-2. After that decision, claimant underwent more extensive pulmonary examination. Dr. Bushey examined claimant on June 22, 1991. Bushey performed a pulmonary function study and took an x-ray which he read as positive for pneumoconiosis. He diagnosed claimant as "totally and permanently disabled from any gainful labor" due to pneumoconiosis. Bushey was not BCR or B-reader qualified.
 
 
 3
 The x-ray taken by Bushey was later reread as negative for pneumoconiosis by at least three BCR and B-reader qualified physicians. Dr. Dahhan, who had examined claimant in 1979, reexamined him in 1994. Dahhan took a new x-ray and performed a pulmonary function study, an arterial blood gas study and an EKG. Dahhan concluded that claimant had "no respiratory impairment" and "retain[ed] the capacity to continue his previous coal mining work or job of comparable physical demand."
 
 
 4
 The case was reassigned to ALJ Gilday for consideration of the updated medical evidence. Judge Gilday evaluated the evidence under 20 C.F.R. §§ 410.490 and 718, and found that claimant was not entitled to benefits under either section. The Board affirmed Judge Gilday's denial in 1995. This appeal followed.
 
 II.
 
 5
 We review an ALJ's decision to determine whether it is supported by substantial evidence and is in accordance with applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995).
 
 A. Duration of Coal Mining Employment
 
 6
 Plaintiff contends that the ALJ who initially reviewed his claim erred in calculating the duration of his coal mine employment. This court, however, has already affirmed the finding that claimant has less than ten years of coal mining employment, Shackleford, 1990 WL 120746 at * 2, making it the law of the case. Because the issue of the length of claimant's mining employment was argued to this court and ruled upon previously, we decline to address it further. Consolidation Coal Co. v. McMahon, 77 F.3d 898, 905 n. 5 (6th Cir.1996). Claimant is therefore not entitled to the presumption of total disability found in 20 C.F.R. § 727.203.
 
 B. Entitlement Under Section 410.490(b)
 Interim Presumption
 
 7
 Claimant also argues that Judge Gilday should have credited the 1979 x-ray interpretation of Dr. Cole and the 1991 report by Dr. Bushey over the other x-ray interpretations. A presumption of total disability due to pneumoconiosis may be triggered under § 410.490(b) in several ways: (1) x-rays, biopsy or autopsy results establishing the existence of pneumoconiosis; (2) fifteen years mining employment coupled with certain medical criteria; or (3) ten years mining employment coupled with other medical criteria. § 410.490(b)(1)(i), (b)(1)(ii), (b)(3). Having determined that claimant established less than ten years mining employment, our case involves only the x-ray evidence submitted to establish the existence of pneumoconiosis.
 
 
 8
 An ALJ may assign greater weight to x-ray readings by a physician with superior qualifications. Staton v. Norfolk & W. Ry., 65 F.3d 55, 59 (6th Cir.1995). The fact that negative readings outnumber positive readings, with due reference to the qualifications of the readers, is substantial evidence supporting a finding that pneumoconiosis did not exist. Id. at 59.
 
 
 9
 Regarding the 1979 x-ray, the ALJ credited Cole's interpretation of that x-ray over Dr. Wells' reading. Thus, Judge Gilday weighed the 1979 x-ray as positive evidence of the existence of pneumoconiosis. Regarding the 1991 x-rays, Judge Gilday credited the negative readings of three BCR and B-reader qualified physicians over that of Dr. Bushey, who was not BCR or B-reader qualified. Judge Gilday then weighed the positive evidence of pneumoconiosis from the 1979 x-ray against the negative readings of the 1991 x-rays. He concluded that in light of the "entirety of the x-ray evidence, it is my finding that the preponderance thereof ... does not establish the existence of pneumoconiosis and does not invoke the presumption."
 
 
 10
 The ALJ's conclusion that claimant was not entitled to a presumption of total disability under § 410.490(b)(1)(i) is supported by substantial evidence. The ALJ's further conclusions that claimant did not meet the conditions of § 410.490(b)(1)(ii) or (b)(3) are also supported by substantial evidence because claimant has established less than ten years of mining employment.
 
 C. Entitlement Under Section 718
 
 11
 Claimant also argues that the ALJ should have credited Dr. Bushey's 1991 report finding claimant "totally and permanently disabled" over Dr. Dahhan's 1994 report finding "no respiratory impairment." Under § 718, a miner may establish the existence of pneumoconiosis using x-ray evidence, biopsy or autopsy evidence, medical opinion evidence, and certain presumptions found in § 718.304-06. § 718.202(a). Only the medical opinion evidence is at issue here.
 
 
 12
 The ALJ's conclusion that Bushey's report was not credible is supported by substantial evidence. Bushey's report was the only medical opinion evidence supporting the existence of pneumoconiosis. The ALJ discredited Bushey's report because it did "not engage[ ] in an exercise of reasoned medical judgment." Judge Gilday noted that Bushey's one-page letter failed to identify the basis for his conclusion that claimant was totally disabled, and that the letter conspicuously avoided comment on the results of his pulmonary function study. Judge Gilday gave Bushey's report neither weight nor credit, and instead relied on the 1979 and 1994 reports of Dr. Dahhan. We decline to disturb the ALJ's finding that Bushey's report was not credible. Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989). Accordingly, we affirm the Board's approval of the ALJ's decision finding claimant not entitled to benefits under § 718.
 
 III.
 
 13
 For the foregoing reasons, the decision of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation