77 F.3d 898
 CONSOLIDATION COAL COMPANY, Petitioner,
v.
Lawrence McMAHON, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-in-Interest.
 No. 95-3005.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 5, 1996.
Decided March 11, 1996.
 
 On Petition to Review an Order of the Benefits Review Board.
 Douglas A. Smoot (argued and briefed), Mary Rich Maloy, Jackson & Kelly, Charleston, WV, for Consolidation Coal Co.
 Diana H. Crutchfield (argued and briefed), Kessler, Crutchfield & Taylor, Moundsville, WV, for Lawrence McMahon.
 Christian P. Barber, Karen Blank, Jennifer U. Toth, U.S. Dept. of Labor, Office of the Solicitor, Washington, DC, for Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor.
 Before: ENGEL and MILBURN, Circuit Judges; WEBER, District Judge.*
 MILBURN, Circuit Judge.
 
 
 1
 Employer Consolidation Coal Company petitions for review of decisions of the Benefits Review Board ("BRB") awarding black lung benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. § 901 et seq., to Claimant Lawrence McMahon. On appeal, the issues are (1) whether the administrative law judge ("ALJ") improperly found that the presumption of total disability due to pneumoconiosis was invoked by the x-ray evidence pursuant to 20 C.F.R. § 727.203(a)(1), (2) whether the ALJ improperly concluded that the employer had not rebutted the interim presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. § 727.203(b)(3), and (3) whether the employer submitted sufficient evidence to rebut the presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. § 727.203(b)(4). For the reasons that follow, the petition for review is granted, and the case is remanded to the BRB with instructions to reverse the ALJ.
 
 I.
 A.
 
 2
 Claimant was born on October 3, 1922. He worked as an underground coal miner for approximately 28.75 years. Claimant worked for employer from 1947 to January 12, 1979, when he retired from coal mining at the age of 56. For his last seven years with employer, claimant worked as a continuous miner operator, which required him to lift and carry 30- to 35-pound posts, set safety jacks, and handle cables. While he was performing many of these duties, claimant had to work in a bent over position, which required additional physical exertion, because the mine roof was low.
 
 
 3
 After retiring from coal mine employment, claimant worked for approximately eight or nine months in 1980 as a delivery truck driver for a florist shop. According to claimant, he quit this employment because he experienced shortness of breath when he frequently had to get in and out of the delivery truck while delivering flowers to customers' homes. This was claimant's last gainful employment. Claimant has one dependent, his wife. They were married on June 28, 1980.
 
 
 4
 Claimant began smoking cigarettes in 1946, after he was discharged from the armed services. He smoked about one-half of a pack of cigarettes per day for approximately 20 to 23 years. Claimant quit smoking in 1967. He resumed smoking in 1980, smoking one-half of a pack of cigarettes per day or less. At the time of the hearing before the ALJ, he was smoking approximately five cigarettes per day.
 
 
 5
 The administrative record in this case contains a total of 28 chest x-ray readings, six pulmonary function studies, and five arterial blood gas studies. In addition, the record also contains ten medical reports submitted by seven different physicians.[1]
 
 B.
 
 6
 Claimant Lawrence McMahon filed a claim for black lung benefits under the Act on August 20, 1979. On August 22, 1979, the Department of Labor notified Employer Consolidation Coal Company that it had been identified as the responsible operator pursuant to 20 C.F.R. §§ 725.490-.495 and was potentially liable for the payment of any benefits awarded to claimant. Employer timely controverted the claim for benefits on October 22, 1979.
 
 
 7
 Thereafter, on September 11, 1980, the Department of Labor issued a Notice of Initial Finding, which concluded that claimant was entitled to benefits. On July 15, 1981, employer challenged the initial finding and submitted evidence in support of its position that claimant was not entitled to benefits. The claim was forwarded to the Office of Administrative Law Judges on December 19, 1981.
 
 
 8
 A formal hearing was held before an ALJ on September 23, 1985. The ALJ issued a decision and order denying benefits to claimant on August 19, 1986. In that decision, the ALJ concluded that claimant had established approximately 28.75 years of qualifying coal mine employment. Accordingly, because claimant had filed his claim for benefits before March 31, 1980, and had established more than ten years of qualifying coal mine employment, the ALJ adjudicated his claim for benefits under the interim regulations set forth in 20 C.F.R. Part 727. In particular, the ALJ found that the presumption of total disability due to pneumoconiosis was invoked by the x-ray evidence of record pursuant to 20 C.F.R. § 727.203(a)(1). However, the ALJ denied benefits to claimant because he found that employer had rebutted the presumption of total disability due to pneumoconiosis under 20 C.F.R. § 727.203(b)(2).
 
 
 9
 Claimant filed a petition for review of the ALJ's decision with the BRB on September 17, 1986. Subsequently, on June 22, 1988, the Board vacated the ALJ's decision and order and remanded the claim for a determination as to whether the evidence was sufficient to establish rebuttal pursuant to 20 C.F.R. § 727.203(b)(2) and (b)(3).
 
 
 10
 On remand, the ALJ issued a decision and order awarding benefits on April 27, 1989. In his decision and order on remand, the ALJ found that employer had failed to rebut the presumption of total disability due to pneumoconiosis under either 20 C.F.R. § 727.203(b)(2) or § 727.203(b)(3).
 
 
 11
 Thereafter, employer timely filed a petition for review of the ALJ's decision with the BRB. In its petition for review, employer challenged only the ALJ's finding that rebuttal had not been established under 20 C.F.R. § 727.203(b)(3).
 
 
 12
 On August 17, 1992, the BRB issued a decision and order affirming the ALJ's decision and order of April 27, 1989. Employer then filed a timely request for reconsideration with the BRB. As before, employer's request for reconsideration sought only reconsideration of the ALJ's finding that it had not established rebuttal under 20 C.F.R. § 727.203(b)(3). On November 14, 1994, the BRB issued a decision and order on reconsideration in which it granted employer's motion for reconsideration but denied the relief requested, thereby affirming the ALJ's award of benefits. Employer then filed a timely petition for review of the BRB's decisions with this court.
 
 II.
 A.
 
 13
 Employer argues that the ALJ's finding that the presumption of total disability due to pneumoconiosis arising out of coal mine employment was invoked by the x-ray evidence under 20 C.F.R. § 727.203(a)(1) is not supported by substantial evidence and is not in accordance with the law. Our scope of review of decisions of the BRB is limited. A decision of the BRB must be affirmed if the BRB did not commit a legal error or exceed its statutory scope of review of the ALJ's findings. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The standards of review for the BRB and this court are the same. Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986) (per curiam). Thus, our review on appeal focuses on whether the ALJ had substantial evidence on which to base his decision. Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir.1989). If the ALJ's findings are supported by substantial evidence and are in accordance with the applicable law, the ALJ's findings are conclusive. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). "Substantial evidence is 'more than a mere scintilla;' substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). In deciding whether the substantial evidence requirement is satisfied, we consider whether the ALJ adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record in deciding to either award or deny benefits. Director, OWCP v. Congleton, 743 F.2d 428, 430 (6th Cir.1984). Finally, when dealing with a claim for benefits, we must keep in mind that the Act is remedial in nature and must be liberally construed " 'to include the largest number of miners as benefit recipients.' " Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1042 (6th Cir.1993) (quoting Southard v. Director, OWCP, 732 F.2d 66, 71 (6th Cir.1984)).
 
 
 14
 Black lung "[d]isability benefits are payable to a miner if (a) he or she is totally disabled, (b) the disability was caused, at least in part, by pneumoconiosis, and (c) the disability arose out of coal mine employment." Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 141, 108 S.Ct. 427, 431, 98 L.Ed.2d 450 (1987). Under 20 C.F.R. § 727.203(a):
 
 
 15
 [a]ll three of these conditions of eligibility are presumed if the claimant was engaged in coal mine employment for at least ten years and if the claimant meets one of four medical requirements: (1) a chest X-ray establishes the presence of pneumoconiosis; (2) ventilatory studies establish the presence of a respiratory or pulmonary disease--not necessarily pneumoconiosis--of a specified severity; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, establishes the presence of a totally disabling respiratory impairment.
 
 
 16
 Mullins, 484 U.S. at 141-42, 108 S.Ct. at 431 (footnote omitted). The next paragraph in the regulation, 20 C.F.R. § 727.203(b), provides four methods for rebutting the presumption of § 727.203(a). Id. at 143, 108 S.Ct. at 432.
 
 
 17
 In his decision and order of August 27, 1986, the ALJ found that the presumption of § 727.203(a) was invoked by the x-ray evidence under § 727.203(a)(1).[2] The ALJ first stated that:
 
 
 18
 [i]n this case, the weight of the x-ray evidence prior to 1984 is negative. However, as pneumoconiosis is a progressive disease, the most recent x-ray evidence of record is most likely to be probative of Claimant's present condition, and is therefore entitled to greater weight. Call v. Director, OWCP, 2 BLR 1-146 (1979). This is especially true in the present case, as Claimant did not retire from coal mine employment until 1979, and his last job was a dusty one. Further, the most recent x-ray evidence in this case is conflicting, and even the physicians issuing x-ray interpretations positive for pneumoconiosis found only a minimal degree of the disease. Thus the pattern of the evidence--with earlier x-rays being consistently read as negative, and the most recent ones being read as either negative or borderline positive--suggests that, if Claimant has pneumoconiosis, it developed only recently to the extent necessary to be diagnosed by x-ray, and then only to a minimal degree. For this reason, I find that the most recent x-rays of record, taken in 1985, are most probative and therefore dispositive of the issue of x-ray evidence of pneumoconiosis.
 
 
 19
 J.A. 16. The ALJ then went on to find that:
 
 
 20
 the most recent x-ray evidence of record is conflicting. Highly qualified physicians disagree on the interpretation of these most recent x-rays, which apparently are at best borderline in showing either the presence or absence of pneumoconiosis. Numerically, there are more negative than positive readings of these most recent x-rays, but a rational interpretation of the pattern of recent x-ray evidence suggests there is a genuine doubt as to the presence or absence of pneumoconiosis. Therefore, as Claimant is entitled to have such doubt resolved in his favor, I find that the x-ray evidence is sufficient to support invocation of the presumption pursuant to Section 727.203(a)(1).
 
 
 21
 J.A. 17.
 
 
 22
 Although the ALJ did not explicitly label his finding as such, the ALJ's weighing of the x-ray evidence of record involved the "true doubt rule." The "true doubt rule" is a rule created by the BRB which "operate[d] to give the miner the benefit of the doubt when the evidence in favor of the miner and the employer is 'equally probative.' " Zeigler Coal Co. v. Office of Workers' Compensation Programs, 23 F.3d 1235, 1238 (7th Cir.1994) (quoting Old Ben Coal Co. v. Battram, 7 F.3d 1273, 1277 (7th Cir.1993), overruled by, Director, OWCP v. Greenwich Collieries, --- U.S. ----, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994)). According to the BRB,
 
 
 23
 "True doubt" [was] said to exist if equally probative but contradictory medical documents ... are presented in the record, and selection of one set of facts would resolve the case against the claimant but the selection of the contradictory set of facts would resolve the case for the claimant.
 
 
 24
 Skukan v. Consolidation Coal Co., 993 F.2d 1228, 1234 (6th Cir.1993) (quoting Conley v. Roberts & Schaefer Co., 7 BLR 1-309, 1-312 n.4 (Benefits Review Bd.1984)), vacated, --- U.S. ----, 114 S.Ct. 2732, 129 L.Ed.2d 854 (1994). In such a situation, the BRB's "true doubt rule" required that "the evidence must be resolved in favor of the claimant." Zeigler Coal, 23 F.3d at 1238 (quoting Freeman United Coal Mining Co. v. Office of Workers Compensation Program, 988 F.2d 706, 710 (7th Cir.1993), vacated, --- U.S. ----, 114 S.Ct. 2732, 129 L.Ed.2d 854 (1994)).
 
 
 25
 "The [BRB] ... 'consistently upheld the principle that, where true doubt exists, that doubt shall be resolved in favor of the claimant.' " Mullins, 484 U.S. at 144 n. 12, 108 S.Ct. at 432 n. 12 (quoting Lessar v. C.F. & I. Steel Corp., 3 BLR 1-63, 1-68 (Benefits Review Bd.1981)). However, in Director, OWCP v. Greenwich Collieries, --- U.S. ----, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994), the Supreme Court considered the validity of the "true doubt rule." First, the Court concluded that the burden of proof provision set forth in § 7(c) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 556(d), applies to adjudications under the Black Lung Benefits Act.[3] Id. at ----, 114 S.Ct. at 2254.
 
 Second, the Court stated:
 
 26
 Under the [BRB's] true doubt rule, when the evidence is evenly balanced the claimant wins. Under § 7(c), however, when the evidence is evenly balanced, the benefits claimant must lose. Accordingly, we hold that the true doubt rule violates § 7(c) of the APA.
 
 
 27
 Id. at ----, 114 S.Ct. at 2259.
 
 
 28
 We therefore conclude that the ALJ's finding that the interim presumption of § 727.203(a) was invoked by the x-ray evidence under § 727.203(a)(1) is not supported by substantial evidence because it is not in accordance with the applicable law. The ALJ found that there was genuine doubt as to whether the most recent x-rays of record established the presence of pneumoconiosis and, under the BRB's "true doubt rule," resolved that genuine doubt in favor of the claimant. However, in Greenwich Collieries the Supreme Court held the true doubt rule invalid because it was in conflict with § 7(c) of the APA, which requires that whenever there is true doubt the benefits claimant must lose. Id. Therefore, the ALJ's resolution of his genuine doubt about whether the x-ray evidence established the presence of pneumoconiosis is not supported by substantial evidence because the ALJ resolved the issue in claimant's favor, not employer's favor.
 
 
 29
 Claimant argues, however, that despite the change in the law, employer has waived its right to challenge the ALJ's invocation of the interim presumption under § 727.203(a)(1) on appeal to this court by virtue of its failure to raise the issue at any time before the BRB. As claimant correctly points out, employer never challenged the ALJ's invocation of the interim presumption of § 727.203(a)(1) at any time during the pendency of this case before the BRB. Following the ALJ's decision and order of August 19, 1986, which denied benefits, employer did not file a cross-appeal with the BRB in order to challenge the ALJ's invocation of the interim presumption under 20 C.F.R. § 723.203(a)(1). Moreover, even after the ALJ's decision and order on remand, dated April 27, 1989, which awarded benefits to claimant, employer did not challenge the ALJ's invocation of the interim presumption of § 727.203(a)(1). Rather, employer challenged only the ALJ's finding that rebuttal of the interim presumption had not been established under § 727.203(b)(3). Consequently, in its decision and order of August 17, 1992, which affirmed the ALJ's decision and order of April 27, 1989, the BRB stated:
 
 
 30
 We affirm the administrative law judge's findings regarding length of coal mine employment and invocation of the interim presumption at Section 727.203(a)(1) as unchallenged on appeal. See Coen v. Director, OWCP, 7 BLR 1-30 (1984); Skrack v. Island Creek Coal Co., 6 BLR 1-710 (1983).
 
 
 31
 J.A. 48 n.2. Furthermore, even after this statement by the BRB, employer did not seek to challenge the ALJ's invocation of the interim presumption under § 727.203(a)(1) in its motion for reconsideration by the BRB.
 
 
 32
 In Hix v. Director, OWCP, 824 F.2d 526 (6th Cir.1987), the ALJ denied the claim for benefits finding that although the evidence was sufficient to invoke the interim presumption under 20 C.F.R. § 727.203(a)(2), the evidence established rebuttal of this presumption under 20 C.F.R. § 727.203(b)(3) and (4). Id. at 527. The claimant appealed the ALJ's decision to the BRB, but did not challenge the ALJ's finding of rebuttal. Id. On appeal to this court, the claimant argued for the first time that the ALJ erroneously found that the evidence was sufficient to rebut any presumption of disability. Id. at 527-28. Applying the exhaustion of remedies doctrine, which precludes appellate review of arguments not raised in agency proceedings that preceded the appeal, we held that even though the claimant had properly raised some issues before the BRB, he could "not obtain review of the ALJ's decision on any issue not properly raised before the [BRB]." Id. at 527. See also Cox v. Benefits Review Bd., 791 F.2d 445, 447 (6th Cir.1986) (per curiam) (Stating that "[i]t is generally recognized that under the doctrine of exhaustion of administrative remedies a court should not consider an argument which has not been raised in the agency proceeding which precedes the appeal.").
 
 
 33
 However, although we "generally will not address an issue which was not presented below, an exception is made when raising the issue would have been futile." Kyle v. Director, OWCP, 819 F.2d 139, 142 (6th Cir.1987), cert. denied, 488 U.S. 997, 109 S.Ct. 566, 567, 102 L.Ed.2d 591 (1988). See also Peabody Coal Co. v. Greer, 62 F.3d 801, 806 (6th Cir.1995) (Holding that the employer did not waive its right to appeal the ALJ's findings which it had not challenged before the BRB because "the ALJ obviously accepted the Board's reasoning on this subject, which probably rendered ... continued objections futile.").
 
 
 34
 In this case, employer failed to challenge the ALJ's use of the "true doubt rule" to invoke the interim presumption pursuant to 20 C.F.R. § 727.203(a)(1). However, because we find that any challenge by the employer to the use of the "true doubt rule" to find in favor of the claimant and invoke the interim presumption would have been futile, we conclude that the employer did not waive its right to raise this issue by virtue of its failure to raise it before the BRB. As was previously discussed, the "true doubt rule" was a creation of the BRB. Thus, in applying the "true doubt rule" to resolve his genuine doubt about whether the x-ray readings of record established the presence of pneumoconiosis, the ALJ, in finding in favor of claimant, adopted the BRB's reasoning, a fact which we acknowledged in Peabody Coal probably rendered any further objections to the ALJ's utilization of the "true doubt rule" futile before the BRB. 62 F.3d at 806. Furthermore, in Mullins, the Supreme Court acknowledged that "[t]he [BRB] ... 'consistently upheld the principle that, where true doubt exists, that doubt shall be resolved in favor of the claimant.' " Mullins, 484 U.S. at 144 n. 12, 108 S.Ct. at 432 n. 12 (quoting Lessar, 3 BLR at 1-68).
 
 
 35
 Moreover, as recently as our decision in Skukan v. Consolidation Coal Co., 993 F.2d 1228 (6th Cir.1993), vacated, --- U.S. ----, 114 S.Ct. 2732, 129 L.Ed.2d 854 (1994),[4] we spoke approvingly of the BRB's "true doubt rule," stating that "the true doubt rule advances the goals of the Act." Id. at 1236. Furthermore, in Skukan, we also concluded that "the APA is not violated by the true doubt rule because the rule does not disturb the claimant's burden of producing evidence which shows the existence of pneumoconiosis." Id. at 1238. Thus, until the time of the Supreme Court's decision in Greenwich Collieries, the "true doubt rule" was not only good law before the BRB, but it was also the law in this circuit as well. Therefore, we conclude that it would have been futile for employer to have challenged the ALJ's use of the "true doubt rule" at any time while this case was pending before the BRB.
 
 
 36
 Further grounds also exist for reviewing the ALJ's decision to invoke the interim presumption under 20 C.F.R. § 727.203(a)(1). In Faries v. Director, OWCP, 909 F.2d 170 (6th Cir.1990), we stated that "the law is settled that 'a court must apply the law in effect at the time it renders its decision unless doing so results in manifest injustice or there is legislative history or a statutory directive to the contrary.' " Id. at 175 (quoting Tackett v. Benefits Review Bd., 806 F.2d 640, 642 (6th Cir.1986) (quoting Bradley v. School Bd., 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974))). Accordingly, we stated that "absent 'manifest injustice,' the application of intervening case law in a black lung proceeding is appropriate." Id.
 
 
 37
 In this case, were we not to apply the intervening case law announced in Greenwich Collieries, manifest injustice would result. Namely, claimant would receive benefits to which he is not entitled because the award of benefits was based on an incorrect application of the law, and employer would be required to pay for any such benefits received by claimant.[5] We are not unmindful of the fact, as pointed out by claimant in his brief on appeal, that his claim, which was filed in 1979, is already 16 years old and is still unsettled. Appellant's Brief at 4. However, as the Fourth Circuit observed in Grigg v. Director, OWCP, 28 F.3d 416 (4th Cir.1994):
 
 
 38
 This claim is nineteen years old.... If benefits could be granted for simple perseverance, we would not hesitate to direct an award. Unfortunately for [the claimant], benefits are available only for total disability due to pneumoconiosis.
 
 
 39
 Id. at 420. Likewise, in this case, claimant is entitled to benefits only if he establishes the existence of a total disability due to pneumoconiosis, and the issue is properly reviewable by this court. Thus, the ALJ's invocation of the interim presumption shall be reversed.
 
 B.
 
 40
 Employer also argues that (1) substantial evidence does not support the ALJ's finding that the interim presumption had not been rebutted pursuant to 20 C.F.R. § 727.203(b)(3), and (2) it submitted sufficient evidence to establish rebuttal of the interim presumption pursuant to 20 C.F.R. § 727.203(b)(4). However, because we shall reverse the ALJ's findings that the interim presumption was invoked under § 727.203(a)(1), and since the ALJ's finding that claimant could not invoke the interim presumption under any of the other alternatives available remains unchallenged, these issues are moot.
 
 
 41
 Accordingly, as previously stated, the ALJ's invocation of the interim presumption under § 727.203(a)(1) shall be reversed. Moreover, as the ALJ's findings that claimant cannot invoke the interim presumption under either sections 727.203(a)(2), (a)(3) or (a)(4) remain unchallenged, claimant cannot establish entitlement to benefits under the regulations in 20 C.F.R. Part 727. Furthermore, although the regulations at 20 C.F.R. § 410.490 must also be applied to claims, such as the claim in this case, that are, based upon their filing date, subject to review under the Part 727 regulations, we have held that § 410.490 should not be applied to claims where the claimant has established ten or more years of coal mine employment. Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 201 (6th Cir.1989). Therefore, since the ALJ credited claimant with 28.75 years of coal mine employment, § 410.490 is not applicable to his claim. However, where a miner has filed a claim for benefits prior to March 31, 1980, as did claimant, but adjudicated after that date, as this claim was, the claim should be considered under the regulations at 20 C.F.R. Part 718. Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989). See also Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989) (Holding that "[i]f the claimant is unable to invoke the interim presumption, then consideration must be given to whether he establishes disability under the permanent labor regulations of Part 718."). Therefore, we shall remand this case to the BRB, with instructions to remand the claim to an ALJ for consideration under Part 718.
 
 
 42
 Furthermore, we suggest to the BRB and the parties that on remand for consideration under the Part 718 regulations, the ALJ be permitted to reopen the administrative record for the submission of additional evidence concerning the claimant's current medical condition. In his initial decision of August 16, 1986, the ALJ, giving greater weight to the most recent x-rays of record, all of which pre-dated the formal hearings of September 23, 1985, found that true doubt existed as to whether on not the x-ray evidence established the existence of pneumoconiosis. We note that this x-ray evidence is now approximately 11 years old. We are of the opinion that, in light of the remedial purpose of the Act, the progressive nature of pneumoconiosis, and the fact that nearly 16 years have elapsed without a final resolution of this claim for benefits, claimant is entitled to have his claim for benefits adjudicated under the Part 718 regulations based upon medical evidence which reflects his current condition, not the stale medical evidence which appears in the record before us.
 
 III.
 
 43
 For the reasons stated, the petition for review is GRANTED, and this case is REMANDED to the BRB with instructions to REVERSE the ALJ's award of benefits under Part 727, to deny benefits under Part 727, and to REMAND the case to an ALJ for further consideration under the regulations at 20 C.F.R. Part 718.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Since the medical evidence of record is thoroughly set forth in the ALJ's decision and order of August 19, 1986, see J.A. 8-13, we have not summarized it here. We will refer to the evidence when necessary during our analysis of the issues presented
 
 
 [2]
 In his decision and order of August 27, 1986, the ALJ also found that the evidence of record was not sufficient to invoke the presumption of § 727.203(a) under either § 727.203(a)(2), (a)(3), or (a)(4). These findings are not challenged in this appeal, and they have never been challenged before the BRB
 
 
 [3]
 Section 7(c) of the APA states in relevant part that "[e]xcept as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d)
 
 
 [4]
 The Supreme Court vacated our decision in Skukan, which upheld the validity of the "true doubt rule," in light of its decision in Greenwich Collieries
 
 
 [5]
 Employer also argues that the ALJ's finding that the interim presumption was invoked under § 727.203(a)(1) is reviewable on appeal under the "law of the case" doctrine. We reject this argument. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardson v. United States, 841 F.2d 993, 996 (9th Cir.1988) (citing United States v. Maybusher, 735 F.2d 366, 370 (9th Cir.1984), cert. denied, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985); Kimball v. Callahan, 590 F.2d 768, 771 (9th Cir.), cert. denied, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979)). Obviously, that is not the situation in this case, since neither this court, nor any higher court, has ever previously reviewed the ALJ's decision finding the interim presumption invoked under § 727.203(a)(1)