97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlo H. HELTON, Petitioner,
v.
PEABODY COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 96-3069.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1996.
 
 1
 Ben.Rev.Bd., No. 95-1599 BLA.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: MARTIN and CONTIE, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 5
 Carlo H. Helton, proceeding pro se, petitions for review of the Benefits Review Board's decision and order denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-45. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Helton filed his claim for benefits on January 17, 1991. The Department of Labor administratively denied the claim and it was referred to an administrative law judge (ALJ) for a hearing. The ALJ issued a decision and order denying benefits, and the Board affirmed the ALJ's decision. On appeal, Helton argues that the x-ray evidence is unreliable because the x-rays were taken after his "lungs were washed with saline on 2-13-91." Helton also refers to a mining accident in 1991, in which he was injured by falling rock.
 
 
 7
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 8
 To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 9
 The only issue presented in this appeal is whether the x-ray evidence established the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(1). This court concludes that substantial evidence supports the ALJ's conclusion that the x-ray evidence did not meet the claimant's burden of establishing that he suffered from pneumoconiosis.
 
 
 10
 An overwhelming majority of the x-ray readings are negative and were read by board-certified radiologists and B-readers. The negative readings were more recent than the positive readings, permitting the ALJ to assign them greater probative weight. Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). Moreover, the ALJ met this court's directive of making a qualitative evaluation of the readings, considering the qualifications of the readers, as well as a quantitative evaluation of the x-ray evidence. Woodward, 991 F.2d at 321.
 
 
 11
 Helton argues that the ALJ and the Board erroneously relied on the x-rays because they were taken after his lungs were washed with saline in 1991. However, this court will not consider this argument not raised in any agency proceeding prior to this appeal. Cox v. Benefits Review Bd., 791 F.2d 445, 447 (6th Cir.1986) (per curiam). Moreover, the circumstances of this case do not warrant an exception to the doctrine of exhaustion of administrative remedies, because it is not apparent that raising this issue below would have been futile. Consolidation Coal Co. v. McMahon, 77 F.3d 898, 904 (6th Cir.1996).
 
 
 12
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation