105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ISLAND CREEK COAL COMPANY, Petitioner,
v.
J.S. WALTERS; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 95-4001.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1997.
 
 On Petition for Review of a Decision of the Benefits Review Board, No. 94-2575 BLA.
 Ben.Rev.Bd.
 VACATED.
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Employer Island Creek Coal Company ("Island Creek") petitions for review of a decision of the Benefits Review Board (the "Board") awarding black lung benefits to claimant J.S. Walters under the Black Lung Benefits Act ("Act"), 30 U.S.C. §§ 901-945. On appeal, Island Creek argues (1) that the Board exceeded its statutory authority when it independently determined that the record establishes, as a matter of law, that Walters suffered from pneumoconiosis under 20 C.F.R. § 718.202(a)(4); (2) that the Board erred in affirming the finding by the administrative law judge ("ALJ") that Walters established total disability due to pneumoconiosis under 20 C.F.R. § 718.204, because the ALJ improperly applied the "true doubt rule" in making that determination; and (3) that the ALJ's decision restricting Island Creek to a post-hearing re-examination by a particular doctor in order to enable it to respond to claimant's evidence violated its due process right to a full and fair hearing. For the reasons discussed below, we affirm in part and reverse in part, with instructions to remand to the Secretary for further factual findings consistent with this opinion.
 
 I.
 
 2
 Claimant-respondent, J.S. Walters, worked as a coal miner for approximately fourteen years before he was laid off in June 1980 at the age of forty-eight. Walters worked for Island Creek from September 1968 to June 1980. On September 9, 1980, Walters filed a claim for black lung disability benefits with the Office of Workers' Compensation Programs ("OWCP") within the Department of Labor. To establish eligibility for benefits under the Secretary of Labor's regulations, Walters needed to show (1) that he suffered from pneumoconiosis, (2) that his pneumoconiosis arose at least in part out of his coal mine employment, and (3) that he was totally disabled by pneumoconiosis. See 20 C.F.R. §§ 718.202-204.
 
 
 3
 On August 26, 1981, the OWCP made an initial determination that Walters was entitled to black lung disability benefits. Island Creek, the coal mine operator that would be responsible for Walters' benefits under the Act, disagreed and requested a formal hearing before an ALJ. On May 21, 1985, ALJ Donald Mosser denied Walters' benefits, finding that Walters was neither disabled, nor was he suffering from pneumoconiosis. ALJ Mosser's decision was affirmed by the Board on July 14, 1987.
 
 
 4
 On October 20, 1987, Walters filed a request for modification with the Board. His request cited new medical evidence that he is disabled and that his disability is caused by pneumoconiosis. The Board denied the request for modification on March 31, 1988. Shortly thereafter, Walters requested a hearing and the case was once more remanded for a formal hearing before an ALJ.
 
 
 5
 A hearing before ALJ Michael Colligan was scheduled for December 6, 1989. Prior to the hearing, the parties submitted new evidence. Island Creek submitted a report by Dr. Ballard Wright based upon his examination of Walters in June 1989. Approximately three weeks before the hearing date, but before the expiration of the deadline for submission of evidence, Walters submitted a report by Dr. Emory Robinette based upon Dr. Robinette's examination of Walters in September 1989. At the hearing, Island Creek characterized Dr. Robinette's report as "surprise" evidence and sought permission from the ALJ to have the record kept open following the hearing, in order to permit Island Creek to have Walters re-examined by a third physician, Dr. George Zaldivar. ALJ Colligan ruled that Island Creek could have Walters re-examined, but only by Dr. Wright and only to address the conflicts between Dr. Wright's earlier report and that of Dr. Robinette.
 
 
 6
 On May 24, 1990, ALJ Colligan issued a Decision and Order awarding black lung benefits to Walters. In reaching his decision, the ALJ found that the evidence presented by the parties was equally probative and created a true doubt as to whether Walters suffered from pneumoconiosis, and whether he was totally disabled as a result thereof. ALJ Colligan then awarded Walters benefits by resorting to the "true doubt rule." The "true doubt rule" is a tool created by the Board to determine whether a miner will receive black lung benefits, where the evidence presented by the parties as to the elements of a claim for such benefits is equally probative. See, e.g., Consolidation Coal Co. v. McMahon, 77 F.3d 898, 902 (6th Cir.1996). The rule provides, in effect, that whenever the evidence is equally balanced, the claim must be resolved in favor of the miner. Id.
 
 
 7
 Island Creek appealed ALJ Colligan's award of Walters' benefits to the Board. On July 23, 1993, the Board issued a decision affirming in part and reversing in part the ALJ's decision. The Board affirmed both the ALJ's determination that Walters was totally disabled by pneumoconiosis, and his decision limiting Island Creek's rebuttal of Dr. Robinette's report to a re-examination by Dr. Wright. The Board reversed and remanded, however, for reconsideration of whether Walters suffered from pneumoconiosis. We recognize that the Board's decision was internally inconsistent.
 
 
 8
 On remand, the parties presented a total of fifty-seven X-ray readings regarding the existence of pneumoconiosis. Fifteen of the readings indicated that Walters suffered from pneumoconiosis and forty-two indicated that he did not. On May 11, 1994, ALJ Daniel Sarno issued a Decision and Order in which he considered the evidence and found the X-rays presented by the parties to be equally probative. ALJ Sarno then invoked the "true doubt rule" and resolved the dispute concerning the existence of pneumoconiosis in Walters' favor. Because the Board had previously affirmed ALJ Colligan's findings on the remaining issues, ALJ Sarno awarded benefits to Walters. Island Creek again appealed to the Board.
 
 
 9
 In June 1994, the Supreme Court decided Director, Office of Workers' Compensation Programs, Dep't of Labor v. Greenwich Collieries, 114 S.Ct. 2251 (1994). In Greenwich Collieries, the Court held that the Board's "true doubt rule" was invalid because it conflicted with § 7(c) of the Administrative Procedure Act, 5 U.S.C. § 556(d). Id. at 2259.
 
 
 10
 On July 31, 1995, the Board issued its final Decision and Order awarding benefits to Walters. The Board first rejected Island Creek's argument that ALJ Colligan had violated its due process rights by not permitting re-examination by Dr. Zaldivar under the doctrine of the law of the case. Second, the Board followed Greenwich Collieries, supra, and vacated ALJ Sarno's finding that Walters suffered from pneumoconiosis. Third, the Board affirmed ALJ Colligan's finding that Walters was totally disabled by pneumoconiosis under the doctrine of the law of the case. Finally, the Board noted that although there was no longer a valid finding by either ALJ Colligan or ALJ Sarno as to the existence of pneumoconiosis, ALJ Colligan had accorded determinative weight on this issue to the reports submitted by the doctors on Walters' behalf. Based upon this observation, the Board concluded that because these reports indicated that Walters suffered from pneumoconiosis, the existence of pneumoconiosis was established as a matter of law. Island Creek filed this appeal, arguing that the Board erred in finding that Walters suffered from pneumoconiosis and that he was totally disabled as a result thereof, and reiterating its due process argument.
 
 II.
 
 11
 This court has jurisdiction to review the Board's decision pursuant to 33 U.S.C. § 921(c). The scope of our review of a decision of the Board is limited. The Board's decision must be affirmed if the Board did not commit any legal errors or exceed its statutory scope of review of the ALJ's factual findings. See Director, Office of Workers' Compensation Programs, Dep't of Labor v. Quarto Min. Co., 901 F.2d 532, 536 (6th Cir.1990). The Board's statutory scope of review of a decision of an ALJ is similarly narrow. "[The Board] is not empowered to engage in a de novo review but rather is limited to reviewing the ALJ's decision for errors of law and to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole." Director, Office of Workers' Compensation Programs, Dep't of Labor v. Rowe, 710 F.2d 251, 254 (6th Cir.1983) (citing 33 U.S.C. § 921(b)(3); 20 C.F.R. § 802.301).
 
 
 12
 Upon review, we believe that the Board exceeded its statutory scope of review in determining that Walters suffered from pneumoconiosis as a matter of law. We also believe that it erred in affirming ALJ Colligan's finding that Walters was totally disabled as a result thereof. We do not believe, however, that Island Creek was deprived of due process. We address these issues in turn.
 
 A. Walters' Claim for Black Lung Benefits
 
 13
 As previously noted, to establish eligibility for black lung disability benefits pursuant to the Secretary of Labor's regulations under the Act, a miner must show (1) that he suffers from pneumoconiosis, (2) that his pneumoconiosis arose at least in part out of his coal mine employment, and (3) that he is totally disabled by pneumoconiosis. See 20 C.F.R. §§ 718.202-204. In its Decision and Order of July 31, 1995, the Board awarded benefits to Walters based upon (i) the Board's independent determination that Walters suffered from pneumoconiosis as a matter of law, (ii) ALJ Colligan's finding of May 24, 1990, that Walters was totally disabled by pneumoconiosis, and (iii) ALJ Colligan's finding that Walters' pneumoconiosis was caused by working in a coal mine. On appeal, Island Creek does not dispute that if Walters does in fact suffer from pneumoconiosis, his pneumoconiosis is the result of coal mine employment.
 
 1. Existence of Pneumoconiosis
 
 14
 In his Decision and Order of May 11, 1994, ALJ Sarno resorted to the "true doubt rule" to find that Walters did in fact suffer from pneumoconiosis. On appeal, the Board vacated this finding in accordance with the Supreme Court's decision in Greenwich Collieries, supra, leaving no valid finding regarding the existence of pneumoconiosis. However, rather than remanding to an ALJ for further findings on this issue, the Board independently determined that Walters suffered from pneumoconiosis under 20 C.F.R. § 718.202(a)(4). The Board stated that:
 
 
 15
 While neither administrative law judge rendered specific findings pursuant to Section 718.202(a)(4), the Board has held that where the administrative law judge has made the necessary findings and credibility determinations after discussing all of the relevant evidence of record, the Board will review the case by applying those findings to the proper regulation. In this case, Judge Colligan permissibly accorded determinative weight to the opinions of Drs. Bangudi and Robinette, both of whom diagnosed pneumoconiosis arising out of coal mine employment. Moreover, Judge Colligan credited the opinions of Drs. Myers, T.L. Wright, Clarke, Penman, Marshall, and Stokes as supportive of the findings of Drs. Bangudi and Robinette. Decision and Order at 17.
 
 
 16
 In the interest of avoiding a second remand, and in view of Judge Colligan's credibility determinations which we have affirmed, we hold that the record evidence establishes, as a matter of law, the existence of pneumoconiosis pursuant to Section 718.202(a)(4). Consequently, inasmuch as claimant has established the requisite elements of entitlement, we affirm the award of benefits.
 
 
 17
 (citations omitted and emphasis added). Island Creek argues that in making this determination the Board exceeded its statutory authority. We agree.
 
 
 18
 As noted earlier, the Board's statutory scope of review of a decision of an ALJ is limited. The Board's function is confined to reviewing the ALJ's decision for errors of law and determining whether the factual findings are supported by substantial evidence. The Board may not engage in de novo review. See, e.g., Rowe, 710 F.2d at 254. Rather, if the Board determines that the ALJ's findings are deficient, it must remand the case for further findings. Id. at 255. Since the Board was not empowered to make a determination as to whether Walters suffered from pneumoconiosis, the case should have been remanded to an ALJ for further findings on that element of his claim.
 
 2. Total Disability Due to Pneumoconiosis
 
 19
 The Board's award of benefits to Walters was in part based upon ALJ Colligan's finding of May 24, 1990, that Walters had established total disability due to pneumoconiosis. In his Decision and Order, ALJ Colligan first stated that:
 
 
 20
 I recognize that among the physicians relating the Claimant's disabling respiratory or pulmonary disease to smoking and/or asthma and not coal dust are Drs. Renn, Zaldivar, Dahhan, and Broudy, who are Board-certified pulmonary specialists, and that their opinions warrant special consideration on that basis. I must also give special consideration to Dr. Bangudi's opinion, however, as the record demonstrates that he is the Claimant's treating physician and therefore has had the unique opportunity to observe the Claimant's condition over time. Accordingly, I place great weight on the fact that he relates the Claimant's disabling respiratory or pulmonary impairment to coal workers' pneumoconiosis. I also find it significant that many of the physicians, specifically Dr. Robinette who is also a Board-certified pulmonary specialist relates [sic] the Claimant's disabling respiratory or pulmonary impairment at least in part to his coal mine employment which is sufficient to establish a causal relationship.
 
 
 21
 The ALJ then concluded: "I find true doubt to exist on the issue of whether the Claimant's total disability is due to pneumoconiosis. As stated above, true doubt is to be resolved in favor of the Claimant."
 
 
 22
 In affirming this finding, the Board, in its July 1993 Decision and Order, stated that:
 
 
 23
 Employer's challenge to the administrative law judge's findings under Section 718.204, however, lacks merit. Although the administrative law judge purported to apply the true doubt rule, he actually accorded great weight to the opinion of Dr. Bangudi, claimant's treating physician, whose opinion was supported by the opinion of Dr. Robinette, a Board-certified pulmonary specialist. Decision and Order at 17. Despite employer's contentions to the contrary, we hold that the administrative law judge properly accorded great weight to Dr. Bangudi's opinion since Dr. Bangudi was claimant's treating physician and since his report was based on a history, symptoms, physical examination, x-ray, pulmonary function study, blood gas study, and electrocardiogram....
 
 
 24
 (citations omitted). The Board cited this language in its subsequent Decision and Order of July 31, 1995, concluding that since Island Creek did not seek judicial review of its July 1993 decision, ALJ Colligan's finding of total disability due to pneumoconiosis constituted the law of the case.
 
 
 25
 Island Creek first argues that the Board erred in its July 1993 decision that ALJ Colligan only "purported" to apply the "true doubt rule" in reaching his conclusion on the issue of whether Walters was totally disabled due to pneumoconiosis. In response, Walters contends that the Board correctly determined that ALJ Colligan performed a "full and complete evaluation" of the evidence on this issue. While he may have performed such an evaluation, he also explicitly invoked the "true doubt rule" in reaching his conclusion. The Board simply disregarded the clear language of his decision.
 
 
 26
 Island Creek further argues that because ALJ Colligan relied upon the "true doubt rule" to find that Walters was totally disabled due to pneumoconiosis, the Board should have vacated the ALJ's finding on this issue in its July 1995 decision, in light of Greenwich Collieries, supra. Walters counters that Island Creek failed to "preserve this issue for review by taking an appeal from the [Board's] decision of July 23, 1993, and the 'law of the case' is therefore applicable." Walters claims that because Island Creek waited for the case to go back to the ALJ on remand and then through the Board again, it waived any right to challenge the finding now.
 
 
 27
 Walters' claim is without merit. Our jurisdiction is limited to review of "final" orders of the Board. See, e.g., Youghiogheny & Ohio Coal Co. v. Baker, 815 F.2d 422, 424 n. 2 (6th Cir.1987). Because the Board's Decision and Order of July 23, 1993, remanded the case to an ALJ for further findings, it was not reviewable as a final order, Bartley v. L & M Coal Co., 901 F.2d 1311, 1313 (6th Cir.1990), and Island Creek could not have sought judicial review of ALJ Colligan's findings at that time. Moreover, the "law of the case" doctrine does not preclude reconsideration of issues when, as in this case, there has been an intervening change of law. See, e.g., Miles v. Kohli & Kaliher Associates, Ltd., 917 F.2d 235, 241 n. 7 (6th Cir.1990). Thus, the "law of the case" doctrine does not preclude this court from reviewing ALJ Colligan's finding that Walters was totally disabled by pneumoconiosis.
 
 
 28
 Because ALJ Colligan's finding that Walters was totally disabled by pneumoconiosis was based upon the "true doubt rule," it follows that the Board erred when it affirmed this finding in its Decision and Order of July 31, 1995. Greenwich Collieries, supra.
 
 III.
 
 29
 Island Creek's final argument is that ALJ Colligan's decision restricting it to a post-hearing re-examination of Walters by Dr. Wright denied to Island Creek its due process right to a full and fair hearing. Island Creek claims that it was entitled to have Walters examined by a physician of its own selection in order to respond to Dr. Robinette's report, which it characterizes as "surprise evidence." We disagree.
 
 
 30
 The Secretary of Labor's regulations require that all evidence be presented within a specified period of time. 20 C.F.R. § 725.414(c). The regulations further explicitly allow a claimant to obtain additional rebuttal evidence, as necessary, to counter the medical reports submitted by the employer. Id. § 725.414(d). In light of those regulations and the volume of evidence presented to ALJ Colligan, it is difficult to see how Dr. Robinette's report, timely filed by Walters, constituted any real "surprise." It is also difficult to see how Island Creek's rights were prejudiced when the ALJ accorded it a post-hearing opportunity to respond to Walters' rebuttal evidence, an opportunity to which it was not entitled under the regulations. Moreover, ALJ Colligan's restriction of the post-hearing re-examination to Dr. Wright is more than reasonable in light of the fact that a re-examination by a new physician would have entitled Walters to present additional rebuttal evidence under the regulations, requiring the ALJ to keep the record open indefinitely. Thus, we hold that Island Creek's due process rights were not violated.
 
 IV.
 
 31
 Accordingly, the decision of the Benefits Review Board is vacated and the case is remanded for further proceedings to determine whether Walters suffers from pneumoconiosis under 20 C.F.R. § 718.202, and whether he is totally disabled as a result thereof under 20 C.F.R. § 718.204.