**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0711n.06

No. 12-4357

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Aug 02, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| IDA CARBON CORPORATION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PETITION FOR REVIEW OF A |
| | ) | DECISION AND ORDER OF |
| AVERY MURPHY, (deceased); DIRECTOR, | ) | THE BENEFITS REVIEW |
| OFFICE OF WORKERS' COMPENSATION | ) | BOARD |
| PROGRAM, UNITED STATES | ) | |
| DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondents. | ) | |

BEFORE:  KEITH and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM.  Ida Carbon Corporation ("Ida") petitions for review of a decision and order

of the Benefits Review Board affirming an administrative law judge's award of benefits to Avery

Murphy under the Black Lung Benefits Act.

In 2008, Murphy filed a claim for benefits under the Black Lung Benefits Act.  The district

director determined that Murphy was entitled to benefits.  The district director further determined

that Ida was the responsible operator because Murphy was not engaged in coal mine employment

with his subsequent employers, Bizzack Construction and Elmo Greer and Sons.  Ida requested a

formal hearing before an administrative law judge (ALJ).  The ALJ determined that Murphy was

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District
of Ohio, sitting by designation.

entitled to benefits. The ALJ further determined that, although Murphy occasionally engaged in coal mine work for Bizzack Construction and Elmo Greer and Sons, Ida was the responsible operator because Bizzack and Elmo Greer did not employ Murphy as a miner for the requisite one-year period. The Benefits Review Board affirmed the ALJ's decision.

Ida now asserts two claims for relief: (1) the ALJ erred by determining that Ida was the responsible operator, rather than Bizzack Construction or Elmo Greer and Sons, because those companies employed Murphy as a miner for at least one year following his employment with Ida; and (2) the district director failed to properly notify Bizzack Construction of its status as a potentially responsible operator, resulting in prejudice to Ida.

We review the factual record to decide whether substantial evidence supports the ALJ's decision that Ida is the responsible operator. *See Kentland Elkhorn Coal Corp. v. Hall*, 287 F.3d 555, 563 (6th Cir. 2002). "Substantial evidence is defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 483 (6th Cir. 2012) (citation omitted). "A decision that rests within the realm of rationality is supported by substantial evidence." *Id.* (internal alterations and quotation marks omitted). We "'defer to an agency's interpretation of its own regulation, advanced in a legal brief, unless that interpretation is plainly erroneous or inconsistent with the regulation.'" *See id.* at 485 (quoting *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871, 880 (2011) (internal citation marks omitted)). We review issues of law *de novo*. *Kentland*, 287 F.3d at 559.

The operator responsible for payment of black lung benefits is the potentially liable operator that most recently employed the miner. 20 C.F.R. § 725.495(a)(1). An operator may be considered

a potentially liable operator only if, among other things, the miner was employed by the operator for a cumulative period of not less than one year. 20 C.F.R. § 725.494(c). A "miner" is any individual who has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal or an individual who has worked in coal mine construction or transportation in or around a coal mine, to the extent that the individual was exposed to coal mine dust as the result of such employment. 20 C.F.R. § 725.101(a)(19). A "year" for purposes of § 725.494(c) means a period of one calendar year, or partial periods totaling one year, during which the miner worked in or around a coal mine for at least 125 working days. 20 C.F.R. § 725.101(a)(32). A "working day" is defined as any day or part of a day for which a miner received pay for work as a miner, excluding approved absences. *Id.*

Substantial evidence supported the ALJ's decision that Ida was the responsible operator because Ida failed to present evidence establishing that Murphy was employed as a miner by either Bizzack Construction or Elmo Greer and Sons for at least one year involving 125 working days as required by § 725.494(c). *See* 20 C.F.R. § 725.495(c)(2); *Daniels Co., Inc. v. Mitchell*, 479 F.3d 321, 335–36 (4th Cir. 2007); *Freeman United Coal Mining Co. v. Summers*, 272 F.3d 473, 481 (7th Cir. 2001). Further, despite Ida's argument to the contrary, the Director reasonably interpreted the presumption set forth in 20 C.F.R. § 725.101(a)(32)(ii), when determining the presumption was inapplicable because Ida failed to establish that either Bizzack or Elmo Greer employed Murphy as a miner for the requisite one-year period. Finally, Ida forfeited its claim concerning the district director's failure to provide notice to Bizzack Construction by failing to raise that issue before the ALJ. *See Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 904 (6th Cir. 1996) (stating that an

No. 12-4357
*Ida Carbon Corp. v. Murphy, et al.*

appellate court generally will decline to address an issue that was not presented below); *Hix v. Dir., Office of Workers' Comp. Programs*, 824 F.2d 526, 527 (6th Cir. 1987).

Accordingly, we deny Ida's petition for review.