980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,
v.
DYNAMIC CONSTRUCTION COMPANY; Margaret A. Kowal; Defendants
Andrew M. Kowal, Defendant-Appellant.
 No. 92-1480.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1992.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Andrew M. Kowal appeals pro se from a post-judgment order of the district court in this civil case. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff, Insurance Company of North America (INA), sued the defendants for indemnification on a surety bond. The district court granted summary judgment to INA. After the September 19, 1989, judgment, the defendants filed various pleadings in an attempt to avoid the collection of the judgment. All the motions were denied.
 
 
 3
 On June 8, 1990, INA filed a Motion for Assessment of Costs and Attorney Fees, seeking additional attorney fees as a result of defendants' attempt to avoid collection of the judgment. Defendant Andrew Kowal filed his response on July 31, 1990, and his Counter-Motion for Sanctions and Costs against INA. INA filed its response on August 30, 1990. The district court denied both motions on April 2, 1992. It is from this order that defendant Andrew Kowal appeals.
 
 
 4
 Initially, we note that INA seeks dismissal of the appeal for failure of defendant to file a timely brief. The deadline for defendant's brief was June 10, 1992. On the day his brief was due, defendant mailed a Motion for Extension of Time in which to file his brief. The request was granted and a new briefing schedule was issued requiring defendant to file his brief on July 1, 1992. Defendant's brief indicates that it was filed July 6, 1992. However, defendant states, and INA does not deny, that he mailed the brief on July 1, 1992. Pursuant to Fed.R.App.P. 25(a), briefs shall be deemed filed on the day of mailing. Thus, defendant's brief was timely filed. INA's argument to the contrary lacks merit.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying defendant's motion for sanctions. See Century Products, Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988). The district court judge was very familiar with the case and defendant's pattern of harassment. Defendant's conduct in filing the post-judgment motions in an apparent attempt to avoid collection on the September 19, 1989, judgment was unreasonable.
 
 
 6
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.