106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,
v.
DYNAMIC CONSTRUCTION COMPANY, a Michigan corporation;
Andrew M. Kowal, Defendants-Appellants,
Margaret A. Kowal, Defendant.
 No. 95-2013.
 United States Court of Appeals, Sixth Circuit.
 Jan. 14, 1997.
 
 Before: LIVELY, NELSON, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 This is an appeal about attorney fees. Defendants, Dynamic Construction Company and its owner, Andrew M. Kowal, complain of two orders concerning attorney fees awarded to plaintiff six years after the district court's initial summary judgment in favor of the plaintiff, Insurance Company of North America (INA). The defendants contend that the district court abused its discretion in applying the law-of-the-case doctrine and refusing to revisit the issue of the reasonableness of its most recent award of attorney fees to INA. We will affirm.
 
 I.
 
 2
 The background of the dispute leading to this appeal was summarized by this court in an earlier appeal:
 
 
 3
 Dynamic is a construction company owned by Mr. Kowal. The surety bonds that Dynamic routinely posted in the course of its business were written by INA. Before it would write the bonds, INA required Dynamic, Andrew Kowal, and Kowal's wife to execute agreements in which they promised to indemnify INA against any loss or damage arising from claims made under the bonds. The indemnity agreements specifically provided that the indemnitors' liability "include[s] all costs, expenses and attorney's fees incurred or sustained by [INA]...."
 
 
 4
 On October 1, 1981, INA issued a performance bond for Dynamic in favor of the Village of Archbold, Ohio. The bond guaranteed Dynamic's performance of a construction contract and provided assurances that Dynamic's subcontractors would be paid.
 
 
 5
 Dynamic subsequently failed to pay one of the subcontractors on the Archbold project. A claim was made against the bond, [and] the INA was required to pay the subcontractor $[ ]33,635.34.
 
 
 6
 INA then brought suit in the district court to recover from Dynamic and the Kowals. Finding the indemnity agreements unambiguous, the district court entered summary judgment in favor of INA. The company was also awarded its attorney fees.
 
 
 7
 Insurance Co. v. Dynamic Constr. Co., Nos. 93-1640, 93-2105, 1995 WL 7956, at * 1 (6th Cir. Jan. 9, 1995) (per curiam ) (unpublished disposition) ("INA 4 & 5 ").
 
 
 8
 In contrast to the relative simplicity of the parties' dispute, the procedural history of this case is fairly complex. Briefly, the district court entered a memorandum opinion granting summary judgment to INA on March 1, 1989, and subsequently entered the judgment itself on June 19, 1989. An order awarding additional attorney fees and imposing sanctions on the defendants was entered on September 19, 1989. Although the defendants filed a variety of motions in an attempt to defeat collection of the judgment, these were uniformly denied. The defendants never appealed from any of these underlying judgments and awards.
 
 
 9
 INA filed a motion for order to show cause in May 1990, which the district court granted. The defendants appealed to this court, but the appeal was dismissed as untimely. Insurance Co. v. Dynamic Constr. Co., No. 90-1675, 1991 WL 78168 (6th Cir. May 14, 1991) (unpublished disposition) ("INA 1 ").
 
 
 10
 INA then filed a motion seeking additional attorney fees incurred as a result of the defendants' legal maneuverings to avoid collection; in response, the defendants filed a countermotion for sanctions against INA. The district court denied both motions, although noting that the "defendants have engaged in a protracted pattern of harassment, leading the Court to the conclusion that defendants have abused the judicial process." Only the defendants appealed; this court affirmed the district court's judgment, noting that "[t]he district court judge was very familiar with the case and defendant's pattern of harassment," and further noting that the defendants' post-judgment motions were "unreasonable." Insurance Co. v. Dynamic Constr. Co., No. 92-1480, 1992 WL 363382, at * 1 (6th Cir. Dec. 9, 1992) (unpublished disposition) ("INA 2 ").
 
 
 11
 Along with its motion seeking additional attorney fees, INA filed a motion for entry of a garnishment order, which was granted. The defendants appealed that order, but the appeal was dismissed as untimely. Insurance Co. v. Dynamic Constr. Co., No. 90-1754, 1991 WL 53245 (6th Cir. Apr. 10, 1991) (unpublished disposition) ("INA 3 ").
 
 
 12
 In January of 1993, the district court granted a new motion for additional costs and attorney fees incurred by INA between July 1989 and October 1992, "in connection with the company's efforts to recover moneys due it under [the] indemnity agreement." INA 4 & 5, supra, at * 1. The defendants appealed to this court from the district court's denial of their motion for reconsideration of that order. Consolidated with that appeal was the defendants' appeal from the district court's denial of their motion to allow the attorney fee judgment to be paid in installments. This court affirmed both decisions of the district court, reasoning as follows:
 
 
 13
 Mr. Kowal did not raise the issue of the reasonableness of the attorney fees until he moved for reconsideration. The issue was raised too late to be preserved for appeal.
 
 
 14
 Even if the issue were properly before us, we would uphold the award. An abuse of discretion standard would apply under both federal and Michigan law[,] and we are satisfied, based on an independent review of the itemized fees, that no abuse of discretion occurred here.
 
 
 15
 Mr. Kowal asks us to examine several other issues pertaining to the fee award, but we decline to do so. These issues were raised for the first time on appeal or, at the earliest, in the motion for reconsideration, and have thus been waived.
 
 
 16
 Id. at * 1-2.
 
 
 17
 We come now to this, the defendants' sixth appeal to this court. In July 1995, the district court entered judgment in favor of INA for additional attorney fees, in an amount slightly less than $10,000. The court rejected the two objections proffered by the defendants:
 
 
 18
 Defendants object to payment of this amount for two reasons. First, defendants maintain that plaintiff is not entitled to attorney fees for post-judgment services under the Indemnity Agreements. However, as discussed above, this Court addressed that issue in its January 7, 1993, Order when it held plaintiff was entitled to such fees.
 
 
 19
 Secondly, defendants argue that plaintiff cannot recover for expenses related to collecting attorney fees. Once again, defendants misinterpret the judgments awarded to plaintiff. Although the judgments awarded to plaintiffs are the result of attorney services, the recovery of fees does not constitute attorney fees per se. The attorney fees that have been awarded by this Court constitute the plaintiff's cost of enforcing the Indemnity Agreements. As such, those fees constitute a part of the judgment plaintiff is entitled to under the Indemnity Agreement for enforcing the same. The fees and costs plaintiff seeks in this motion are also for the ongoing costs of enforcing the Indemnity Agreements.
 
 
 20
 The defendants filed a motion to amend pursuant to Fed.R.Civ.P. 52(b), which was denied by the district court. From that denial, the defendants filed this timely appeal.
 
 II.
 
 21
 The law-of-the-case doctrine, when applied to the court that made the initial ruling in question or a coordinate court, "is a discretionary tool available to a court in order to promote judicial efficiency." United States v. Todd, 920 F.2d 399, 403 (6th Cir.1990). As such, a lower court's decision whether to revisit its own previous ruling is reviewed for an abuse of discretion. Id.
 
 III.
 
 22
 INA contends that the law-of-the-case doctrine dictates the outcome of this case. Despite the defendants' contention that the doctrine should not bar this court's consideration of the reasonableness of the attorney fees because in its 1995 decision, this court refused to consider certain of the defendants' arguments on the merits, we conclude that INA is correct.
 
 
 23
 The law-of-the-case doctrine is a term applied in several distinct circumstances. It is used in this case to denote the fact that "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Consolidation Coal Co. v. McMahon, 77 F.3d 898, 905 n. 5 (6th Cir.1996) (citations and internal quotation marks omitted). "The purpose of this doctrine is twofold: (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts." Todd, 920 F.2d at 403. When the question is a court's revisitation of an issue previously decided by the same court, the doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (citation and internal quotation marks omitted). Thus, a
 
 
 24
 court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice."
 
 
 25
 Id. (citation omitted).
 
 
 26
 The law-of-the-case doctrine applies with equal vitality in the context where a party has failed to appeal the initial decision of a district court with respect to a particular issue. Thus, this court recently rejected an employer's complaints about a front pay award originally made in 1988, but not objected to until 1990, and held that the employer, "by failing to appeal that [1988] opinion.... ha[d] forfeited its rights to complain about the basics of that order at this time." Griffin v. Michigan Dep't of Corrections, 5 F.3d 186, 190 (6th Cir.1993) (citation omitted). The court observed that " '[t]he law of the case doctrine applies to issues implicitly decided in earlier stages of the same case,' " id., (citation omitted), making the earlier order the law of the case. In short, the Griffin court refused to " 'belatedly consider the propriety of issues resolved in the [earlier district court] order.' " Id. (citation omitted).
 
 
 27
 The defendants do not suggest that there is anything unreasonable about the specific fees claimed by INA in this round of the case--that is, they do not argue that INA should not be reimbursed for a particular task, or that INA has padded its bills for performing a particular task. Instead, their sole argument is that INA should not be allowed to recover for a particular category of work. This, however, is an issue that was decided long ago by the district court, and as to which this court last year concluded that the defendants had waived any complaint. The defendants have not, moreover, alluded to any "extraordinary circumstance" justifying reconsideration of the issue, such as a persuasive reason why they were unable to present these arguments before, or why a manifest injustice would result if the court were not to consider their arguments at this juncture. We, therefore, reject the defendants' arguments.
 
 
 28
 AFFIRMED.